IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOEL B. ATTIA,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 1:23-238-KD-MU<br>) |
| CANNON FORD *et al*.,<br>    Defendants. | )<br>) |

## REPORT AND RECOMMENDATION

This civil action is before the Court on a complaint (Doc. 1) and motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP") (Doc. 2), filed by Plaintiff Joel B. Attia on June 26, 2023, and has been referred to the undersigned Magistrate Judge for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Attia initiated this action, but he has since then failed to prosecute the case and failed to comply with Court directives. Accordingly, upon consideration of all relevant pleadings and for the reasons stated herein, the undersigned **RECOMMENDS** this action be **DISMISSED without prejudice**, prior to service of process.

## PROCEDURAL BACKGROUND AND FACTS

This case is one of three related actions that have been filed in this Court by Attia involving many of the same defendants and factual allegations. Attia initially filed *Attia v. Byrds Garage,* Civil Action No. 1:23-89-TFM-N, on March 15, 2023, along with a motion to proceed IFP (*Byrds Garage*, Docs. 1, 2).[1] Two days later, he filed a motion to amend his complaint. (*Byrds Garage*, Doc. 4). On review of these filings, the Court noted

---

1 For the sake of clarity in discussing Attia's three separate cases, *Attia v. Byrds Garage,* Civil Action No. 1:23-89-TFM-N, will be referred to simply as "*Byrds Garage*."

1

several deficiencies with respect to both Plaintiff's initial complaint and IFP motion. (*See Byrds Garage*, Doc. 5). By order dated March 29, 2023, the Court identified those deficiencies, ordering Attia to: (1) file an amended complaint and (2) pay the requisite filing fee for this action or file an amended IFP motion, by no later than April 19, 2023. (*Id*.).² Attia timely complied by filing an amended complaint and amended IFP motion on April 17, 2023. (*Byrds Garage*, Docs. 6, 7). While the Court granted Attia's amended IFP motion, his amended complaint remained deficient. (*See Byrds Garage,* Doc. 8). After noting the deficiencies, the Court instructed Attia to file a Second Amended Complaint ("SAC"), resolving the same, by no later than June 12, 2023. (*Byrds Garage*, Doc. 8, PageID.43).

Four days before the date for compliance – on June 8, 2023 – Attia initiated a "new" action with the Court by filing a complaint and IFP motion, both styled *Attia v. Cannon Ford et al.*, bearing Civil Action No. 1-23-214-TFM-N (hereinafter, "*Cannon Ford I*"). The *Cannon Ford I* complaint named 18 defendants, many of whom were also identified in Attia's initial *Byrd's Garage* complaint, motion to amend, and amended complaint. (*Byrds Garage*, Docs. 1, 4, 6). Given the close timing and similarity of the information set out therein, by order dated June 15, 2023, the Court explained:

> In the *Byrds Garage* case, Attia was granted IFP status by order dated May 22, 2023, and he was instructed to file a second amended complaint by no later than June 12, 2023. (*See Byrds Garage*, Doc. 8). Based on the information provided by Attia's complaint in the *Cannon Ford* case (*see Cannon Ford*, Doc. 1), much of which bears resemblance to the factual allegations set out in the *Byrds Garage* amended complaint (*see Byrds Garage*, Doc. 6), the Court construes the "complaint" filed in the *Cannon Ford* action as Plaintiff's attempt to comply with the Court's instruction to file

---

2 This order also explained: "Failure to comply with this directive will result in entry of a recommendation to the Court that Attia be denied leave to proceed IFP in this action, and that this action be dismissed without prejudice *sua sponte* for failure to pay the filing fee required by § 1914 and/or failure to comply with a court order." (*Byrds Garage*, Doc. 5, PageID.23).

a second amended complaint in the *Byrds Garage* action. (*Byrds Garage*, Doc. 10). The Court then directed the Clerk to: (1) enter the *Cannon Ford I* complaint as the SAC in *Byrds Garage*, (2) administratively terminate *Cannon Ford I* as erroneously opened, (3) withhold service of the now-docketed SAC to permit review under 28 U.S.C. § 1915(e)(2) and (4) send a copy of the order to Attia. (*Id.*).

Shortly thereafter – on June 21, 2023 – Attia filed in *Byrds Garage* a self-styled "Motion to Ask for All Movable Laptops and All Nvidia Corp. Equipment of the Defendants," which also sought to "add a few more defendants." (*Byrds Garage*, Doc. 11). A contemporaneous notice was also filed entitled "Other Facts of the Case." (*Byrds Garage*, Doc. 12). Attia made no objection to or mention of the Court's construction of the *Cannon Ford I* complaint, discussed *supra*. Then, five days later – on June 26, 2023 – Attia filed the instant case as another "new" complaint along with another IFP motion (hereinafter, "*Cannon Ford II*"). Attia wrote "2 Time Filing" at the top of the *Cannon Ford II* complaint; however, it again names many of the same defendants and involves the same factual allegations as those set out in the now-operative *Byrds Garage* SAC (previously the complaint in *Cannon Ford I*) (Doc. 1). Apart from the note written on the top, the *Cannon Ford II* complaint makes no objection or mention of the Court's prior construction of the *Cannon Ford I* complaint.

Sensing an emerging pattern, the Court entered an order in *Byrds Garage* dated July 11, 2023, ordering Attia "to refrain from filing any new complaints and IFP motions that involve the same defendants and/or factual allegations which have been previously asserted in *Byrds Garage*, *Cannon Ford* [*I*] or *Cannon Ford II*." (*Byrds Garage*, Doc. 13, PageID.88). However, this order also granted Attia leave to file a Third Amended

Complaint ("TAC") in *Byrds Garage* and instructed him to "consolidat[e] the various and similar factual allegations ***from all three cases*** into a single document so that the Court can properly evaluate his claims." (*Id.*) (emphasis added). Attia was then encouraged to consult the Pro Se Litigant Handbook in crafting his TAC and "reminded of his obligation to comply with the rules of this Court and with the Federal Rules of Civil Procedure." (*Id.*). The Court also noted that:

> To the extent Attia intended to file separate actions, he is **ORDERED** to file – ***in addition to*** a third amended complaint – a ***separate*** response clearly explaining how and why separate actions are needed to address the allegations set out in his various filings.

(*Id.*, n.4) (emphasis in original).

Attia was given until July 25, 2023, to file the TAC and a response as to the need for separate actions, neither of which have been filed to date. (*Id.*).[3] On August 29, 2023, the Court entered a Report and Recommendation recommending that Attia's SAC be dismissed without prejudice for failure to prosecute and comply with Court directives.[4] (*Byrds Garage*, Doc. 91).

## **CONCLUSIONS OF LAW**

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for

---

3 Attia was again warned: "Failure to comply with this directive will result in entry of recommendation to the Court that Attia's complaint be dismissed without prejudice *sua sponte* for failure to prosecute and/or non-compliance with a Court order." (*Byrds Garage*, Doc. 13, PageID.89).
4 A ruling has not yet been entered on the Report and Recommendation.

failure to prosecute, in accordance with applicable law."). Additionally, this Court "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) (citation omitted). *See id*. at 1073 ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."); *see also Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (explaining *sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." (internal quotation omitted)). Every document filed with the Court "requires some portion of the institution's limited resources." *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 3 (1992).

Here, after having filed three complaints involving the same defendants and factual allegations, the Court clearly instructed Attia to consolidate his various allegations into the *Byrds' Garage* TAC complaint or explain why separate actions were needed. (*See Byrds Garage*, Doc. 13). Attia did not file a TAC, nor did he explain why separate actions were needed, nor did he object to the Report and Recommendation in *Byrds Garage* recommending dismissal of his SAC, and no prior order has been returned as undeliverable.[5] Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626,

---

5  The only filing by Attia in *Byrds Garage*, *Cannon Ford I*, or *Cannon Ford II*, since the July 11, 2023, order directing Attia to consolidate his allegations into a *Byrds Garage* TAC is a document titled "EXHBIITS" followed by 16 photographs that was filed in the instant case on September 5, 2023. (Doc 3).

5

630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

## CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS** that Attia's complaint (Doc. 1) be **DISMISSED without prejudice,** prior to service of process, for failure to prosecute and/or non-compliance with the Court's orders pursuant to both Fed. R. Civ. P. 41(b) and this Court's inherent authority. In accordance with this recommendation, the undersigned further **RECOMMENDS** that Attia's motion for leave to proceed IFP (Doc. 2) be **DENIED as MOOT**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection,

6

however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 18th day of October 2023.

/s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**